IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AARON A. EDISON,**

        Petitioner,

v. // CIVIL ACTION NO. 1:17CV114
                                            (Judge Keeley)

**STATE OF WEST VIRGINIA, EX. REL.;**
**WEST VIRGINIA DEPARTMENT OF HEALTH**
**AND HUMAN RESOURCES;**
**BUREAU OF CHILD SUPPORT ENFORCEMENT;**
**and CAROLIN M. DOTSON,**

        Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF WEST VIRGINIA

Pending is the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be transferred to the United States District Court for the Southern District of West Virginia (Dkt. No. 16). For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R.

**I.**

On January 27, 2017, the pro se petitioner, Aaron A. Edison ("Edison"), filed a Petition seeking "appeal" against "the State of West Virginia, Ex. Rel., the West Virginia Department of Health and Human Resources, the Bureau of Child Support Enforcement, and Carolin M. Dotson" (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred Edison's Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

After Magistrate Judge Aloi ordered Edison to clarify his filing (Dkt. No. 13), he indicated that his intent was to attack his

**EDISON V. STATE OF WEST VIRGINIA, ET AL.**					**1:17CV114**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND
TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF WEST VIRGINIA**

conviction in the Circuit Court of Wirt County, West Virginia, for failure to pay child support by "appeal[ing] the Memorandum Decision issued by the West Virginia Supreme Court of Appeals." He also sought relief against the respondents "pursuant to 28 U.S.C. § 2254" for alleged gender discrimination in violation of his "Fourteenth Amendment right to Equal Protection under the law" (Dkt. No. 15 at 3-4).

Following review, Magistrate Judge Aloi recommended that the Court transfer this matter in its entirety to the United States District Court for the Southern District of West Virginia because all of Edison's claims involve various agencies and courts in Wirt County, which lies within the Southern District of West Virginia. The R&R determined that it would be more convenient for the parties and in the interest of justice to transfer this action to the Southern District (Dkt. No. 20 at 12).

Edison filed a timely objection to the R&R, contending the case should remain in the Northern District of West Virginia because he will be "greatly inconvenience[d]" by a transfer in venue (Dkt. No. 18). Following a <u>de novo</u> review of the portion of the R&R to which Edison objects, the Court concludes that his objection is without merit and that this case should be transferred to the United States District Court for the Southern District of West Virginia.

**EDISON V. STATE OF WEST VIRGINIA, ET AL.**                          **1:17CV114**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND
TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**II.**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Edison does not dispute that this case could have been brought in the Southern District of West Virginia; rather, he argues that the magistrate judge improperly concluded it would be more convenient for the parties to transfer the case. At bottom, Edison seeks to have this action remain in the Northern District of West Virginia simply because he resides in Taylor County, which lies within the Northern District.

Because the events giving rise to this action all occurred in Wirt County, the magistrate judge properly concluded that this case should be transferred to the Southern District. Edison's challenge to his criminal conviction for failure to pay child support occurred in Wirt County. Additionally, the necessary witnesses and all defendants in this action are found in the Southern District. The only connection of the Northern District to this case is Edison's residence here. That fact is not dispositive, however, and venue clearly is most appropriate in the Southern District of West Virginia, where the events alleged in this action arose. The Court, therefore:

**EDISON V. STATE OF WEST VIRGINIA, ET AL.**                    **1:17CV114**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF WEST VIRGINIA**

1) **ADOPTS** the R&R (Dkt. No. 16);

2) **OVERRULES** Edison's objection (Dkt. No. 18);

3) **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the Southern District of West Virginia, Charleston Division, for all further proceedings, and that any motions pending be transferred with the case for consideration by the transferee court; and

4) **ORDERS** that this action be **STRICKEN** from the docket of this Court.

Should Edison desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the judgment order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of this Order to the pro se petitioner, certified mail and return receipt requested.

DATED: March 9, 2018.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE